UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA THOMPSON, et al.,

    Plaintiffs,

v.                                        Case No. 8:24-cv-349-KKM-AAS

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

    Defendant.
_____/

## ORDER

Defendant, the United States Department of Homeland Security (Homeland Security), requests an order permitting it to file the United States Citizenship and Immigration Services' (Immigration Services) Certified Administrative Record (CAR) under seal. (Doc. 40). Plaintiffs Victoria Thompson, Vincenzo Pino, and Opal Street LLC (collectively, the plaintiffs) do not oppose this motion. (*Id.*, p. 1).

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access

1

against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246 (11th Cir. 2007).

The CAR contains information that Immigration Services, a subagency within Homeland Security, considered when it denied Ms. Thompson's Form I-129, Petition for Nonimmigrant Worker. Immigration Services' denial of Ms. Thompson's petition is the subject of the complaint. (*See* Doc. 4). Thus, the CAR is necessary for judicial review of the plaintiffs' claims. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977) (indicating that if a court is to review an agency's action fairly, that review must be based on the "full administrative record that was before [the agency] at the time [the agency] made [its] decision.").

The CAR includes financial and business records and several documents with personal identification information and addresses. Disclosure of this information is not authorized under statute and would harm legitimate privacy interests. *See* Fed. R. Civ. P. 5.2(a); 5 U.S.C. § 552a; *see also Clark v. Unum Life Ins. Co. of Am.*, No. 14-CV-1037, 2014 WL 12609869, at *2 (M.D. Fla. Oct. 16, 2014) (finding sealing warranted because the administrative record contained personal and financial information about the plaintiff, as well as the private financial information of third parties). Thus, there is good cause to file

the CAR under seal.

Accordingly, Homeland Security's motion to file the CAR under seal (Doc. 52) is **GRANTED**. Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

**ORDERED** in Tampa, Florida, on January 7, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge